UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: Shannon G. Morrow　　　　　　　　　　　Case No. 8:15-bk-02960-KRM
　　　　Debtor.　　　　　　　　　　　　　　　Chapter 7
_____/

HANCOCK BANK,
　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Adv. Proc. No. 8:15-ap-00585-KRM

SHANNON GAUSE MORROW
　　　　Defendant.
_____/

## MOTION TO DISMISS

SHANNON GAUSE MORROW, Defendant, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this *Motion to Dismiss*. In support thereof, Defendant states as follows:

1.　　HANCOCK BANK, Plaintiff, filed this adversary proceeding on June 30, 2015, alleging that the debt owed to Plaintiff, as scheduled by Defendant in bankruptcy case 8:15-bk-02960-KRM, should be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

2.　　A debt may be held to be nondischargeable if it was "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A) (2014).

## STANDARD OF REVIEW

3.　　The party challenging the dischargeability of a debt bears the burden of proving that there was a false pretense, a false representation, or actual fraud. *Hennessy Cadillac, Inc. v. Green (In re Green)*, 5 B.R. 247, 250 (Bankr. N.D. Ga. 1980) (Robinson, Jr., W.).

4.　　Exceptions to discharge are to be strictly construed against the plaintiff and liberally in favor of the defendant. *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986).

5.　　In reviewing a motion to dismiss a court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *White v. Whittle*

*(In re Whittle)*, 449 B.R. 427, 428 – 9 (Bankr. M.D. Fla. 2011) (Jennemann, K.). However, this tenet is inapplicable to legal conclusions couched as factual allegations. Threadbare recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 – 50 (2009).

6. While legal conclusions can form the framework for a complaint, they must be supported by factual allegations that create a reasonable inference of wrongdoing above the speculative level, known as the plausibility standard. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 – 5 (2007).

7. The plausibility standard requires more than a sheer possibility the defendant acted unlawfully. When a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)).

**FALSE PRETENSE AND FALSE REPRESENTATION**

8. To prevail on a claim of false pretense or false representation under 11 U.S.C. § 523(a)(2)(A), a plaintiff must demonstrate each of the following elements by a preponderance of the evidence: (i) the defendant made a false representation with intent to deceive the plaintiff, (ii) the plaintiff relied on the defendant's representation, (iii) the plaintiff's reliance was reasonable, and (iv) the plaintiff sustained a loss as a result of the defendant's representation. *Am. Sur. & Cas. Co. v. Hutchinson (In re Hutchinson),* 193 B.R. 61, 64 (Bankr. M.D. Fla. 1996) (Proctor, G.).

9. A false pretense or false representation must be of a kind involving moral turpitude or intentional wrong, where fraud implied by law without imputation of bad faith or immorality is insufficient. *In re Green*, 5 B.R. at 249.

10. It is well settled that no implied misrepresentation is established by a defendant's use of a credit account until it is clearly shown that the lender unequivocally and unconditionally revoked the right of the account holder to further use of the account. *First Fed. of Jacksonville v. Landen (In re Landen)*, 95 B.R. 826, 827 – 8 (Bankr. M.D. Fla. 1989) (Proctor, G.) (citing *First Nat'l Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir. 1983)).

11. Plaintiff admits that they "failed to take steps to prevent [Defendant] from gaining access to the Revolving Line of Credit." (Doc. No. 1; Pl.'s Complaint, Para. 18)

12. Plaintiff alleges that Defendant drew on the line of credit between July of 2009 and July of 2011, but fails to allege a point in time prior to these withdrawals that the Plaintiff took steps to close or revoke Defendant's right to access the account.

13. Plaintiff cannot prevail on a claim of false pretense or false representation because the Complaint contains no factual allegation regarding the revocation of Defendant's right to use the account. As such, the Plaintiff has failed to state a cause of action and the Complaint should be dismissed. *AT&T Universal Card Servs. Corp. v. Acker (In re Acker)*, 207 B.R. 12, 15 (Bankr. M.D. Fla. 1997) (Proctor, G.).

## ACTUAL FRAUD

14. To establish actual fraud under 11 U.S.C. 523(a)(2)(A), five elements must be shown by clear and convincing evidence: (i) the defendant made materially false representations; (ii) the defendant knew the representations were false at the time they were made, (iii) the representations were made with the intent to deceive the plaintiff, (iv) the plaintiff relied upon the representations; and (v) the plaintiff sustained damages as a proximate result of those misrepresentations. *In re Landen*, 95 B.R. at 828.

15. Fed. R. Civ. P. 9 as adopted by Fed. R. Bankr. P. 7009 requires, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

16. Plaintiff attempts to lay the framework for actual fraud, however the allegations set forth are nothing more than basic recitals of the five elements. The Complaint lacks factual support and is not plead with the particularity required to give rise to a plausible presumption of fraud.

17. For example, Paragraph 26 of the Complaint (Ap. Doc. No. 1) simply recites the second element, stating, "[Defendant] either knew such representations to be false or they were made with such reckless disregard for the truth as to constitute willful misrepresentations."

18. Plaintiff is required to prove each element of actual fraud. The failure to sufficiently plead even one element is detrimental to the cause of action and the court "need not consider the other elements." *In re Landen*, 95 B.R. at 829.

19. Additionally, Plaintiff fails to satisfy the first element by not identifying a materially false statement or representation made by Defendant upon which Plaintiff relied.

20. Plaintiff insinuates that the failure to close the account should be construed as a false statement on behalf of Defendant because the Defendant did not notify them that the account

was open. While this allegation is false, we must still view it in the light most favorable to the Plaintiff and assume its truth.

21. Even under the assumption that this is true, this line of reasoning has been dismissed as grounds upon which justifiable reliance can be based. *See Alta One Fed. Credit Union v. Bumgarner (In re Bumgarner)*, 402 B.R. 374 (Bankr. M.D. Fla. 2007) (Briskman, A.) (holding that the defendant's failure to notify the plaintiff of their failure to close a line of credit after refinancing was not a material misstatement, nor justifiable reliance), *Smart Fin. Credit Union v. Williams (In re Williams)*, 466 B.R. 95 (Bankr. S.D. Tex. 2011) (Brown, K.) (holding that a Plaintiff's disregard of its own records and system is not justifiable reliance), and *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577 (11th Cir. 1986) (holding "there must be actual overt false pretense or representation," a defendant is under no duty to disclose unsolicited information).

22. Lastly, Plaintiff suffered no damage as required by the fifth element of actual fraud because at all times material hereto the Plaintiff held a mortgage on Defendant's property. (Ap. Doc. No. 1; Pl.'s Ex. D).

23. Plaintiff has not alleged with particularity any facts regarding how it has been damaged, only that it "has been damaged by [Defendant's] actions in the amount of $97,799.69." (Ap. Doc. No. 1; Pl.'s Complaint, Para. 30).

24. At best, Plaintiff holds a first mortgage against the property and their claim of damages is exceeded by the property value. (Bk. Doc. No. 1; Sch. A).

25. At worst, per the doctrine of equitable subrogation, the Plaintiff could not be put back into a position that was worse than what they originally bargained for. *Aurora Loan Servs., LLC v. Senchuk*, 36 So.3d 716, 722 (Fla. 1st DCA 2010).

26. In sum, Plaintiff has failed to set forth any sufficient factual support that would give rise to a viable claim of nondischargeability based on actual fraud. For that reason, dismissal of this action is required. *Fed. Trade Comm'n v. Black (In re Black)*, 95 B.R. 819, 824 (Bankr. M.D. Fla. 1989) (Paskay, A.).

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, that the debt be deemed dischargeable, that Defendant be awarded attorney's fees pursuant to 11 U.S.C. § 523(d) (2014), and for any further relief the court deems fair and just.

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on or before July 28, 2015, a true and correct copy of the foregoing was furnished via CM/ECF electronic notice to Angela M. Covington, Esq. of Carey, O'Malley, Whitaker & Mueller, PA, 712 S. Orange Ave., Tampa, FL 33606-2516.

                                */s/ Kenneth R. Case*
                                Kenneth R. Case
                                Florida Bar No. 883840
                                Brown & Associates Law & Title, P.A.
                                11373 Countryway Blvd.
                                Tampa, FL 33626
                                T: (813) 289-8485
                                F: (813) 855-8485
                                E: kenny@brownalt.com